UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
IN ADMIRALTY

| | | |
|---|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CASE NO. 09-CV-4431 |
| vs. | ) ) | Judge Hibbler |
| RYAN DOLAN and REGIONS BANK, | ) ) ) | |
| Defendants/Counterclaim Plaintiffs | ) ) ) | |

**PLAINTIFF'S ANSWER AND AFFIRAMTIVE DEFENSES TO DEFENDANT
RYAN DOLAN'S FIRST AMENDED COUNTERCLAIM**

COMES NOW the Plaintiff, MARKEL AMERICAN INSURANCE COMPANY (hereinafter "MARKEL"), by and through its undersigned attorneys, and for its Answer to the First Amended Counterclaim asserted by the Defendant/Counterclaim Plaintiff RYAN DOLAN (hereinafter "DOLAN"), would respectfully state as follows:

**COUNT I (BREACH OF CONTRACT**

**Jurisdiction & Venue**

1. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 1 of the First Amended Counterclaim.

2. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 2 of the First Amended Counterclaim.

3. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 3 of the First Amended Counterclaim.

1

4. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 4 of the First Amended Counterclaim.

**Facts**

5. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 5 of the First Amended Counterclaim.

6. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 6 of the First Amended Counterclaim.

7. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 7 of the First Amended Counterclaim.

8. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 8 of the First Amended Counterclaim.

9. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 9 of the First Amended Counterclaim.

10. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 10 of the First Amended Counterclaim.

11. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 11 of the First Amended Counterclaim.

12. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 12 of the First Amended Counterclaim.

13. Plaintiff/Counter-Defendant admits the allegations set forth in Paragraph 13 of the First Amended Counterclaim.

14. Paragraph 14 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 14 states factual allegations, those allegations are denied.

15. Paragraph 15 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 15 states factual allegations, those allegations are denied.

16. Paragraph 16 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 16 states factual allegations, those allegations are denied.

17. Paragraph 17 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 17 states factual allegations, those allegations are denied.

18. Paragraph 18 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 18 states factual allegations, those allegations are denied.

WHEREFORE, Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, respectfully requests that this Court find judgment in its favor and against Defendant, RYAN DOLAN, and grant any and all such further relief as this court deems just and proper.

## COUNT II (215 ILCS 5/155)

19. MARKEL repeats its answers to paragraphs 1-18 of Count I of DOLAN's First Amended Counterclaim state above as though fully set forth herein as paragraph 19 if this Count II.

20. Paragraph 20 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 20 states factual allegations, those allegations are denied.

21. Paragraph 21 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 21 states factual allegations, those allegations are denied.

22. Paragraph 22 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 22 states factual allegations, those allegations are denied.

23. Paragraph 23 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 23 states factual allegations, those allegations are denied.

24. Paragraph 24 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 24 states factual allegations, those allegations are denied.

25. Paragraph 25 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 25 states factual allegations, those allegations are denied.

26. Paragraph 26 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 26 states factual allegations, those allegations are denied.

27. Paragraph 27 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 27 states factual allegations, those allegations are denied.

28. Paragraph 28 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 28 states factual allegations, those allegations are denied.

29. Paragraph 29 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 29 states factual allegations, those allegations are denied.

30. Paragraph 30 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 30 states factual allegations, those allegations are denied.

31. Paragraph 31 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 31 states factual allegations, those allegations are denied.

32. Paragraph 32 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 32 states factual allegations, those allegations are denied.

33. Paragraph 33 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 33 states factual allegations, those allegations are denied.

34. Paragraph 34 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 34 states factual allegations, those allegations are denied.

35. Paragraph 35 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 35 states factual allegations, those allegations are denied.

36. Paragraph 36 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 36 states factual allegations, those allegations are denied.

37. Paragraph 37 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 37 states factual allegations, those allegations are denied.

38. Paragraph 38 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 38 states factual allegations, those allegations are denied.

39. Paragraph 39 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 39 states factual allegations, those allegations are denied.

40. Paragraph 40 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 40 states factual allegations, those allegations are denied.

41. Paragraph 41 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 41 states factual allegations, those allegations are denied.

42. Paragraph 42 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 42 states factual allegations, those allegations are denied.

43. Paragraph 43 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 43 states factual allegations, those allegations are denied.

44. Paragraph 44 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 44 states factual allegations, those allegations are denied.

45. Paragraph 45 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 45 states factual allegations, those allegations are denied.

46. Paragraph 46 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 46 states factual allegations, those allegations are denied.

47. Paragraph 47 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 47 states factual allegations, those allegations are denied.

48. Plaintiff/Counter-Defendant admits that 215 ILCS 5/155 so states.

49. Paragraph 49 of DOLAN's First Amended Counterclaim consists of factually unsupported legal conclusions to which no responsive pleading is required. However, to the extent that Paragraph 49 states factual allegations, those allegations are denied.

WHEREFORE, Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, respectfully requests that this Court find judgment in its favor and against Defendant, RYAN DOLAN, and grant any and all such further relief as this court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

Defendant's second cause of action, alleging breach of Illinois statute 215 ILCS 5/155, fails to state a claim upon which relief can be granted.

Dated: February 8, 2011                    Respectfully submitted,

Markel American Insurance Company


By: ___/s/ Christopher M. Cano___
One of Its Attorneys
BOLLINGER, RUBBERY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000

GOLDMAN & HELLMAN
Attorneys for Plaintiff
800 S.E. 3rd Avenue
4th Floor
Ft. Lauderdale, Florida 33316
(954) 356-0460

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February 8, 2011, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification to all counsel of record.

*/s/ Christopher M. Cano*