IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE CO., ) <br> ) <br> Plaintiff/Counter-Defendant ) <br> ) <br> v. ) <br> ) <br> ) <br> RYAN DOLAN AND REGIONS BANK, ) <br> ) <br> Defendants/Counter-Plaintiffs. ) <br> ) | No. 09 C 4431 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Plaintiff Markel American Insurance Company moves to stay or dismiss Defendants' counterclaims. Before the Court addresses those motions, it first must resolve a jurisdictional question that has arisen. Shortly after the parties briefed the motions to stay and dismiss, Defendant Ryan Dolan moved to dismiss for lack of jurisdiction. Markel had invoked this court's admiralty jurisdiction, 28 U.S.C. § 1333, asserting that the dispute concerned a policy of maritime insurance. Dolan based his motion on the distinction between a vessel used purely for pleasure and one used for commercial purposes. Immediately after filing his motion, Dolan withdrew it (because, as it turns out, Markel pointed out that such a motion was baseless). The absence of jurisdiction, however, is not a defect that the parties can waive. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). Consequently, the Court first ordered Dolan, who had filed the initial motion explaining the basis for the Court's exercise of jurisdiction. When Dolan's brief proved insufficient, the Court ordered Markel to submit a similar brief.

1

Markel has done so, and has made clear that the distinction put forth by Dolan is without merit. *See, e.g., Markel Am. Ins. Co. v. Bachmann*, 2009 WL 3047595 (W.D. Wis. 2009); *La Reunion Francaise SA vv. Barnes*, 247 F.3d 1022, 1025-26 (9th Cir. 2001); *Acadia Ins. Co. v. McNeil*, 116 F.3d 599, 602 (1st Cir. 1997); *Sirius Ins. Co. (UK) Ltd. v. Collins*, 16 F.3d 34, 37 (2nd Cir. 1994); *J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir. 1992); *Goodman v. 1973 26 Foot Trojan Vessel*, 859 F.2d 71, 73 (8th Cir. 1988). Markel asks that the Court sanction Dolan for responding inadequately to the Court's order directing him to explain the basis of the Court's jurisdiction. Markel suggests that Dolan cited caselaw that he knew was not relevant in order to be sure that the issue concerning jurisdiction would remain clouded and failed to conduct any research beyond the caselaw supplied to him by Markel. The Court will not attribute such nefarious motives to Dolan or his counsel. It is true that it could be inferred that Dolan's counsel has employed tactics designed to hinder or delay this litigation, including attempting to resuscitate a discovery dispute many months after the close of discovery. Nonetheless, when Dolan was confronted with Markel's objections to the motion as frivolous, Dolan promptly withdrew it, as Fed. R. Civ. P. 11 allows. Fed. R. Civ. P. 11(c)(2). The Court warns Dolan and counsel, however, that any further frivolous filings will result in sanctions.

The Court next addresses Markel's Motion to Dismiss Count II of Dolan's Amended Counterclaim. Many months after filing his answer and counterclaim, Dolan sought and received leave to file an amended counterclaim. Dolan initially pleaded a breach of contract claim based on Markel's failure to pay his claim under the insurance policy at issue. In Dolan's amended counterclaim, he adds a claim under 215 ILCS 5/155, asserting that Markel's failure to pay Dolan's claim is both vexatious and unreasonable.

Section 155 provides a penalty against insurers whose acts or delay in settling claims are vexatious or unreasonable. 215 ILCS 5/155. In order to give rise to Section 155 liability, the insurer's conduct must be willful and without reasonable cause. *Citizen First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2010). Merely pleading that an insurer delayed settling a claim, without coupling such allegations with allegations of other unreasonable conduct, is not sufficient to state a violation of Section 155. *Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F. Supp. 2d 954, 960 (S.D. Ill. 2007). Moreover, if there is a *bona fide* dispute regarding coverage, the statutory penalty is not appropriate. *Med. Prot. Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007).

Markel argues that Dolan has done nothing more than plead that it breached the insurance contract it had with him and allege that its breach was vexatious and unreasonable. The Court disagrees. It is true that many of Dolan's allegations that Markel acted vexatiously and unreasonably merely imply that Markel failed to promptly settle Dolan's claim or make cursory assertions that Markel did not act in good faith. For example, Dolan alleges that "Markel failed to attempt in good faith to effectuate prompt, fair and equitable settlement of [his] claims" and that "Markel denied [his] claims and failed to promptly provide a reasonable and accurate explanation of the basis . . . for such denial." These allegations do little more than assert that Markel did not promptly settle his claim, which as noted earlier, is insufficient to state a Section 155 claim.

But Dolan alleges more. Among other things, he alleges that Markel "knowingly misrepresented . . . relevant facts . . . relating to coverages," that it "refused to pay [his] claims without conducting a reasonable investigation," and that it "failed to conduct a full, fair and prompt investigation of [his] claim." Dolan further alleges that Markel denied his claim based in part on

3

incomplete information and speculation. An insurer who misrepresents facts, denies coverage after refusing to conduct an adequate investigation, and bases its decision upon speculation or incomplete information could be considered to have acted without reasonable cause. *See, e.g., Sieron*, 485 F. Supp. 2d at 960 (holding that allegations that refusal to negotiate and failure to investigate sufficient to state a Section 155 claim); *P&M/Mercury Mech. Corp. v. West Bend Mutual Ins. Co.*, 483 F. Supp. 2d 601, 604 (N.D. Ill. 2006) (holding that allegations that insurer did not rely on accurate report or consider all information sufficient to state a Section 155 claim). Although Dolan does not plead precisely which facts Markel misrepresents or describe the way in which its investigation was inadequate, the pleading rules do not require such specificity. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (observing that recent Supreme Court decisions did not make pleading specific facts necessary). Markel argues that Dolan's allegation that Markel misrepresented facts or conducted an inadequate investigation are mere legal conclusions. But the assertions that Markel "misrepresented . . . relevant facts" or "failed to conduct a full, fair and prompt investigation" are not, at all, legal conclusions; they are facts, albeit general one, which the Court must accept as true.

The Court DENIES Markel's Motion to Dismiss Count II of Dolan's Amended Counterclaim.

Markel also moves to stay both Dolan's and Regions Bank's Section 155 counterclaims. Courts have inherent power to manage their dockets and may use this power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed.2d 153 (1936). When deciding whether to grant a stay, courts balance the competing interests of the parties and the interest of the judicial system. *Id.* Courts often consider the following factors when deciding whether to stay an action: (I) whether a stay will unduly prejudice or tactically disadvantage the non-moving party,

(ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar.3, 2004).

As noted earlier, statutory penalties under Section 155 cannot be awarded simply because an insurer takes an unsuccessful position in litigation. *Citizens First Nat'l Bank*, 200 F.3d at 1110. Rather, a party seeking penalties under Section 155 must demonstrate that the insurer's behavior was willful and without reasonable cause. *Id.* Thus, where there is a *bona fide* dispute concerning the scope and application of insurance coverage, where the insurer asserts a legitimate policy defense, where there is a genuine legal or factual issue regarding coverage, or where the insurer takes a reasonable legal position on an unsettled issue of law, there can be no recovery under Section 155. *Id.*

In this case, Markel seeks a declaratory judgment from the Court that the policy itself is void because Dolan made material misrepresentations in his application. If Markel proves its claims, it obviously has not violated Section 155 because it owed Dolan no coverage whatsoever. But even if Markel fails to prove its claims, Dolan and Regions Bank must still demonstrate that the position Markel took was unreasonable. In other words, even if Markel fails to succeed on its declaratory judgment claim, if Markel can demonstrate its conclusion that Dolan provided material misrepresentations in his policy application is genuine, then it cannot have violated Section 155. In this regard, evaluating Markel's declaratory judgment claim prior to the Defendants' Section 155 counterclaims has the potential to streamline the litigation and to save judicial resources.

Ordinarily, the mere potential to save judicial resources would not be sufficient to convince the Court to stay a counterclaim and bifurcate litigation. The procedural history of this case,

however, alters the balance of the scales. In this case, written discovery is and has been closed (since June 2010, nearly a year ago). Despite the fact that written discovery had been closed since June 2010, the Defendants recently moved the Court to compel Markel to amend its responses to the Defendants' discovery requests. The Court denied those motions.

Defendants argue that in order to determine whether Dolan's statements were material requires an analysis of what facts in an application the insurer weighs in determining whether to issue a policy of insurance and therefore a stay would prejudice them. They suggest that "[h]ow Markel and its authorized agents handle claims and whether the experience of the insured as a nautical helmsman impacts those claims is exactly the information needed to determine whether that experience is material to whether the policy is issued in the first instance." But this makes little sense. Defendants do not explain how facts that arise in investigating a claim are relevant to decisions Markel makes when it determines whether to issue coverage in the first instance. Indeed, as Markel points out, those decisions are made by two entirely distinct departments — claims handling and underwriting. The facts Markel weighs when it determines whether to issue a policy are separate and distinct from the facts that Markel weighs when it handles claims.

The Court finds that the Defendants have failed to demonstrate that a stay would prejudice their ability to pursue their Section 155 counterclaims or to defend against Markel's declaratory judgment claims. Rather, in arguing to the contrary, the Defendants essentially admit that their opposition to the stay is really about continued pursuit of untimely written discovery requests and not about any real prejudice they would suffer. The Court finds that a stay will simplify the issues and streamline the trial, will reduce the burden of litigation on the parties and the Court, and will not

prejudice the Defendants. Accordingly, the Court GRANTS Markel's Motion to Stay the Defendants' Section 155 counterclaims.

IT IS SO ORDERED.

_____5/11/11_____
Dated

*Wm. J. Hibbler*
Hon. William J. Hibbler
U.S. District Court